UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **ISSAC CASTILLO, Individually and On Behalf of All Others Similarly Situated,** <br><br> **Plaintiff,** <br><br> **V.** <br><br> **STAR TEX GASOLINE & OIL DISTRIBUTORS, INC., and RONNIE D. KING,** <br><br> **Defendants.** | **CIVIL ACTION NO. 2:16-cv-00227** <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**COLLECTIVE ACTION & JURY DEMAND**

SUMMARY

1.     Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a).  To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees.  29 U.S.C. §§ 206, 207.  These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees.

2.     Plaintiff Issac Castillo, and the employees he seeks to represent ("Class Members"), are current and former hourly paid fuel techs and drivers employed by Star Tex Gasoline & Oil Distributors, Inc. and Ronnie D. King ("Defendants" and/or "Star Tex") during any work week three years prior to the time notice is issued to the present.

3. This case implicates Defendants' longstanding policy of knowingly and deliberately failing to compensate Plaintiff and Class Members for their overtime hours based on the time and one-half formula under the FLSA.

4. Defendants violated the FLSA in the following manners:

    a. Defendants failed to take into account all remunerations when calculating the regular hourly and overtime rates.

5. Consequently, Defendants' compensation policy violates the FLSA's mandate that non-exempt employees, such as Plaintiff and Class Members, be compensated at one and one-half times their regular rate of pay for each hour worked over forty (40) hours in a week.

6. Plaintiff seeks to recover, on behalf of himself and the Class Members, all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

7. Plaintiff also prays that the class of similarly situated hourly-paid fuel techs and drivers be notified of the pendency of this action and apprised of their rights so that they may have an opportunity to join this litigation in a manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

## SUBJECT MATTER JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, and specifically the FLSA, 29 U.S.C. § 216(b).

9. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business in this district.

## PARTIES & PERSONAL JURISDICTION

10. Plaintiff Issac Castillo is an individual who resides in Duval County, Texas. His written consent form to this action is attached hereto as Exhibit "1."

11. The Class Members are all hourly-paid fuel techs and drivers employed by Defendants at any time during the three years prior to filing of this Complaint up to the present.

12. Defendant Star Tex Gasoline & Oil Distributors, Inc. is a domestic for-profit corporation, which does business in Texas. Defendant may be served process through its registered agent as follows: Ronnie D. King, 5412 Leopard Street, Corpus Christi, Texas 78408.

13. Defendant Ronnie D. King is an individual residing in Corpus Christi, Texas. He may be served with process at 5416 Leopard Street, Corpus Christi, Texas 78408.

## FLSA COVERAGE

14. At all material times, Defendants have been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

15. At all material times, Defendants have been an enterprise within the meaning of 29 U.S.C. § 203(r).

16. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) due to the fact Defendants have and continue to have employees engaged in commerce.

17. Defendants have an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203 (s)(1)(A)(ii).

18. At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

19. Defendant Ronnie D. King is the owner, Director and President of Star Tex.

20. Defendant Ronnie D. King controlled the nature, pay structure, and employment relationship of the Plaintiff.

21. Further, Defendant Ronnie D. King had, at all times relevant to this lawsuit, the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

22. Additionally, Defendant Ronnie D. King was responsible for the day-to-day affairs of the business. In particular, he was responsible for determining whether the business complied with the Fair Labor Standards Act.

23. As such, pursuant to 29 U.S.C. § 203(d), Defendant Ronnie D. King acted directly or indirectly in the interest of Plaintiff's employment as his employer, which makes Defendant Ronnie D. King individually liable under the FLSA.

24. Fuel Techs and Drivers, like the Plaintiffs and Class Members, are non-exempt employees under the FLSA.

## SUMMARY OF FLSA VIOLATIONS & RELEVANT FACTS

25. Star Tex provides oil and gas distribution services for its commercial and industrial customers. One of these services includes fueling associated with frac work performed by its customers.

26. Plaintiff was employed by Defendants as a fuel tech and driver.

27. Plaintiff was employed by Defendants from on or about 2012 through June 2014.

28. Plaintiff worked for Defendants in numerous locations including but not limited to: Corpus Christi, Texas, west Texas, New Mexico, and Louisiana.

29. Plaintiff's primary duty consisted of fueling equipment for Defendants' customers at a frac site. Defendants required its fuel techs and drivers to connect fuel hoses to equipment on a frac site to provide the necessary fuel.

30. At the beginning of a project, Defendants' fuel equipment is driven from a yard to a frac site by Plaintiff.

31. At the conclusion of a project, Defendants' fuel equipment is returned from the frac site to a yard by Plaintiff.

32. The majority and a meaningful portion of time fuel techs and drivers spend driving, involves small company owned vehicles that weigh less than 10,000 pounds. Defendants required that Plaintiff drive to and from the frac site daily using its small company owned vehicles.

33. Defendants pays its fuel techs and drivers an hourly rate.

34. In addition to hourly pay, Plaintiff received non-discretionary "per diem" payments.

35. These payments were excluded from Plaintiff's regular rate and overtime rate in violation of the FLSA.

36. The "per diem" was intended to cover meal expenses, hotel expenses, and miscellaneous travel expenses. The alleged reimbursement was paid to Plaintiff even though he was not responsible for paying the company vehicle's gasoline, the company vehicle's maintenance or repairs, or for other expenses related to use of the company vehicle or travel. Plaintiff was not responsible for paying hotel expenses and meals were usually paid for by the Company or included as part of his hotel stay. Consequently, the "per diem" payments should have been included in the calculation of the regular and overtime rates.

37. Where an employee incurs expenses on his employer's behalf or where he is required to expend sums solely by reason of action taken for the convenience of his employer, section 7(e)(2) is applicable to reimbursement for such expenses. Payments made by the employer to cover such expenses are not included in the employee's regular rate (if the amount of the reimbursement reasonably approximates the expenses incurred). Such payment is not compensation for services rendered by the employees during any hours worked in the workweek. *See* 29 C.F.R. § 778.217.  In other words, the stipend must be an approximation or the actual expense incurred by an employee for travel time. Because hotel stay, meals, and travel was performed using the Company's vehicles (meaning an expense incurred by the company and not the employee), and the "per diem" is not an approximation of expenses incurred (Plaintiff was not required to submit his expense receipts to the company), rather it is a fixed amount not related to actual expenses incurred, monies paid as a "per diem" must be included in the calculation of the regular rate and overtime pay.

38. Section 7(e) of the FLSA requires inclusion in the "regular rate" of "all remuneration for employment paid to, or on behalf of, the employee" except payments specifically excluded by paragraphs (1) through (7) of that subsection. 29 C.F.R. § 778.108.  The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid. 29 C.F.R. § 778.109. Meaning, all pay associated with fuel tech and driver work as described in this complaint cannot be treated separately and must be grouped as one for purposes of calculating the regular and overtime rates.  Defendants failed to do so as it lists the per diem payments separately on

paystubs and calculates the overtime rate solely on what it tracks as regular hours worked. Consequently, Defendants have violated the FLSA.

39. No exemption or other exception to the payment of overtime under the FLSA applies to hourly paid manual laborers like the Plaintiff and Class Members.

## COLLECTIVE ACTION ALLEGATIONS

40. As part of their regular business practices, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and Class Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

41. Although Defendants permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty.

42. Plaintiff brings this complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were, are, or will be employed by Defendants as fuel techs and drivers within three (3) years from the commencement of this action to the present.

43. Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiff since his claims are similar to the claims possessed by Class Members.

44. Plaintiff has actual knowledge that Class Members working for Defendants throughout the United States have likewise been denied overtime at the rate mandated by the FLSA.

45. Plaintiff is similarly situated to the Class Members. Class Members perform or have performed the same or similar work as the Plaintiff.

46. Like Plaintiff, the Class Members were (a) hourly paid and (b) were paid overtime at the incorrect federally mandated premium rate because "per diems" were not included in the calculation of their overtime rates.

47. The names and addresses of the Class Members of the collective action are discoverable from the Defendants. To the extent required by law, notice will be provided to these individuals via First Class Mail or by the use of techniques and a form of notice similar to those customarily used in representative actions.

48. Although the exact amount of damages may vary among Class Members, damages can be calculated, summed, and allocated based on a simple formula.

49. The claims of the Plaintiff and Class Members arise from a common nucleus of operative facts, namely the continued and willful failure of Defendants to comply with their obligation to legally compensate their employees.

50. As such, the class of similarly situated Class Members is properly defined as follows:

> **All current and former hourly paid fuel techs and drivers employed by Star Tex during the three-year period before the filing of this complaint up to the present.**

### COUNT ONE: VIOLATION OF 29 U.S.C. § 207

51. Plaintiff incorporates the preceding paragraphs by reference.

52. Defendants violated the FLSA by failing to pay Plaintiff and Class Members overtime based on the statutory formula provided in the FLSA.

53. For all the time worked in excess of forty (40) hours in individual workweeks, Plaintiff and Class Members were entitled to be paid one and one-half times their regular rates. 29 U.S.C. § 207.

54. The Defendants violated and continue to violate the FLSA when they failed to pay Plaintiff and Class Members consistent with the statutorily mandated overtime rate for each hour worked over forty (40) in a single work week.

55. No exemption provided in the FLSA or recognized by courts authorizes the Defendants to disregard paying overtime to its employees when such overtime is earned.

56. Defendants' failure to pay overtime to Plaintiff and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Therefore, a three-year statute of limitations applies to this action and Defendants are liable for liquidated damages.

## DAMAGES SOUGHT

57. Plaintiff and Class Members are entitled to recover their unpaid overtime compensation.

58. Plaintiff and Class Members are entitled to recover an amount equal to all their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

## JURY DEMAND

59. Plaintiff and Class Members hereby demand a trial by jury.

## PRAYER FOR RELIEF

60. For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

   a. All unpaid wages;

   b. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

c. An equal amount as liquidated damages as allowed under the FLSA;

d. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

e. Such other relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Respectfully submitted,

SHELLIST | LAZARZ | SLOBIN LLP

By: */s/ Robert R. Debes, Jr.*
ROBERT R. DEBES, JR.
Texas Bar No. 05626150
bdebes@eeoc.net
RICARDO J. PRIETO
Texas Bar No. 24062947
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

ATTORNEYS FOR PLAINTIFF
& CLASS MEMBERS